```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION No. 2:16-00133-1

**GREGORY CRUM**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are defendant Gregory Crum's <u>pro se</u> Emergency Motion for Modification of Sentence Pursuant to 18 U.S. § 3582(c)(1)(A)(i) (ECF No. 367), filed July 27, 2020 and <u>pro se</u> Motion to Stay Decision on Defendant's Motion for Modification of Sentence Under 18 U.S. § 3582 (ECF No. 386), filed November 23, 2020.

The United States filed a response in opposition to Crum's motion for sentence modification (ECF No. 379) on October 20, 2020. Crum filed a reply brief (ECF No. 388) on January 13, 2021.

### I. Background

On May 2, 2017, Gregory Crum pled guilty to conspiring to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. ECF No. 244.

On August 3, 2017, the court sentenced Crum to a 240-month term of imprisonment to be followed by five years of supervised release.  ECF No. 274.

According to the Bureau of Prisons, Crum is currently housed at FCI Elkton, and his projected release date is September 13, 2033.  See Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited July 27, 2022).  At the time Crum filed his motions, he was housed at FCI Loretto.  See ECF No. 379

## II.  Legal Standard & Analysis

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), courts may reduce a term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction," and (2) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  "The district court enjoy[s] broad discretion in conducting this analysis."  United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

With regard to claims that compassionate release is warranted due to the COVID-19 pandemic, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at

his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical conditions increase that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

Crum pleads that he is a 45-year-old male with several health conditions that leave him vulnerable to COVID-19 including type II diabetes; obesity; severe obstructive sleep apnea; difficulty breathing; kidney stones; chronic back, neck, and shoulder pain; and anxiety and depression related mental health issues.  See ECF No. 367, at 7–9.[1]

Even if Crum's medical conditions place him at a greater risk of severe illness, the court finds he has failed to show himself to be at a more particularized risk of re-

---

[1] Crum does not plead that he is unable to provide self-care within the prison environment, nor does he allege that the BOP is not providing him with adequate medical care for his conditions.  Accordingly, the court only addresses Crum's claim that compassionate release is warranted based on concerns related to COVID-19.

contracting COVID-19 in his prison facility than he would be outside of the prison itself.[2]

The court notes that the BOP has undertaken combative measures to minimize the risk of COVID-19 transmission in its facilities. See Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 27, 2022).

As of July 27, 2022, the BOP reports FCI Elkton has no confirmed active case of infection amongst inmates or staff. See id. Further, the BOP reports that 1,709 full inmate inoculations have been completed at FCI Elkton. See id.

In light of the foregoing, the court finds, under the present circumstances, Crum has not presented extraordinary and compelling reasons warranting his release based on the COVID-19 pandemic and the court denies his motion for compassionate release.

To the extent Crum's seeks appointment of counsel to assist with a motion for compassionate release, the court notes that he has no constitutional right to counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Although the court has discretion to appoint

---

[2] As the Government notes, and Crum concedes, he has already contracted COVID-19 once prior to the filing of the Government's response. See ECF No. 379; ECF No. 388, at 3.

4

counsel to a financially eligible person when appointment would be "in the interests of justice," 18 U.S.C. § 3006A(a)(2)(B), the court concludes, in view of Crum's failure to show his request for compassionate release would have merit, that appointment of counsel would be futile and not in the interests of justice.

### III. Conclusion

In light of the foregoing, the court orders that:

1. The defendant's <u>pro se</u> Emergency Motion for Modification of Sentence Pursuant to 18 U.S. § 3582(c)(1)(A)(i) (ECF No. 367) be, and it hereby is, denied; and

2. The defendant's <u>pro se</u> Motion to Stay Decision on Defendant's Motion for Modification of Sentence Under 18 U.S. § 3582 (ECF No. 386) be, and it hereby is, denied as moot.[3]

The Clerk is directed to transmit copies of this order to all counsel of record.

ENTER: July 29, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

---

[3] Crum's motion to stay asks the court to postpone any decision on his motion for compassionate release until he is able to reply to the Government's response. Inasmuch as Crum's reply has been submitted, <u>see</u> ECF No. 388, the motion to stay is moot.

5